IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3021 |
| | ) | |
| V. | ) | |
| | ) | |
| COUNTY OF MONTGOMERY, ET AL, REESE MCKINNEY, and D. T. MARSHALL, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court upon Plaintiff's Motion to Proceed in Forma Pauperis. (Filing No. 5.) Having considered the motion, and reviewed the pleadings in this matter, the court finds that this lawsuit should be dismissed for lack of venue.

## I. BACKGROUND

Plaintiff's Complaint alleges claims against the County of Montgomery, Reese McKinney, and D.T. Marshall for violations of his constitutional rights. (Filing No. 1.) Liberally construed, Plaintiff maintains that between the years 1999 and 2002, Montgomery County sheriff's officers seized him from his home, involuntarily took him to Montgomery County probate, and then involuntarily confined him in a psychiatric hospital. He seeks $3.0 billion in damages.

Plaintiff has filed complaints with nearly identical allegations on at least four other occasions. These complaints were filed with courts in Alabama, Idaho, Utah, and Texas. *See Lietzke v. County of Montgomery*, No. 2:07-CV-00943 (M.D. Ala. 2007); *Lietzke v. County of Montgomery*, No. 1:12-CV-00145, 2012 WL 5449623 (D. Idaho May 29, 2012); *Lietzke v. County of Montgomery*, No. 2:12-CV-00268, 2013

[WL 1033037 (D. Utah Feb. 21, 2013](#)); *Lietzke v. County of Montgomery*, No. 3:13-CV-04468 (N.D. Tex. 2013). These cases were all dismissed.

## II. DISCUSSION OF CLAIMS

Venue is generally governed by [28 U.S.C. § 1391](#), which provides, in pertinent part, that a civil action may be brought in (1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction if there is no district in which an action may otherwise be brought. Pursuant to [28 U.S.C. § 1406](#), if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." [28 U.S.C. § 1406(a)](#). "The decision whether dismissal or transfer is in the interests of justice is committed to the sound discretion of the district court." [*Poku v. F.D.I.C.*, 752 F. Supp.2d 23, 26-27 (D.D.C. 2010](#)) (quotation omitted).

Here, Plaintiff alleges that this court has federal question jurisdiction. (Filing No. [1](#).) However, from the face of the Complaint, it is clear that venue is improper in the District of Nebraska. None of the events described in the Complaint occurred in Nebraska, the Complaint suggests that Defendants reside in Alabama, and Plaintiff resides in Alabama.

Because the court has concluded that venue is improper, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. [28 U.S.C. § 1406(a)](#). The court finds dismissal without prejudice is the more appropriate action in this case. An initial review of Plaintiff's Complaint raises serious concerns regarding the merit of Plaintiff's claims. Further Plaintiff's claims are based on events that allegedly occurred between 1999 and 2002. The court has no reason to believe that Plaintiff's claims are subject to a rapidly-approaching statute of

limitations deadline. Rather, it is probable that Plaintiff's claims are already time-barred. Also, Plaintiff should have realized prior to filing the Complaint that Nebraska was an improper venue, especially in light of his other cases based on the same fact pattern. *See* [Weldon v. Ramstad-Hvass, 512 Fed. Appx. 783, 798 (10th Cir. 2013)](#) (stating that the factors a court should consider in evaluating whether transfer is appropriate are (1) whether the new action would be time-barred; (2) whether Plaintiff's claims have merit; and (3) whether the Plaintiff should have realized the chosen forum was improper). Therefore, Plaintiff's action will be dismissed.

    IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice to reassertion in the proper forum.

2. Judgment will be entered by separate document.

3. Plaintiff's Motion to Proceed In Forma Pauperis (Filing No. [5](#)) is denied.

DATED this 8th day of April, 2016.

    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge